UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 2:19-cr-00073-JAW |
| | ) | |
| DANNY RYDLE | ) | |

## ORDER ON MOTION TO STAY THE COURT ORDER UNSEALING VARIOUS DOCUMENTS ON THE DOCKET PENDING APPEAL

In accordance with standard practice, the court sealed entries on the docket relating to a criminal defendant's cooperation with the government both while his case was active in this court and during his period of incarceration. Having served his incarcerative sentence, the defendant, now on supervised release, sought to have the cooperation documents sealed indefinitely. The Court denied the motion and the defendant is now seeking appellate review of the denial.

The defendant now moves to stay the unsealing order until after the court of appeals decides his appeal. The Court concludes that under generally applicable legal standards, the defendant is not entitled to a stay pending appeal. However, the Court further concludes that unsealing the docket entries while his appeal is pending would vitiate his asserted rights on appeal in the unlikely event that the appeal succeeds. For that reason only, the Court grants the motion to stay its order unsealing the cooperation documents pending appeal.

## I.    BACKGROUND

On December 21, 2020, the Court issued an order, which overruled Mr. Rydle's objection to unsealing certain docket entries in his criminal case that discussed his

cooperation with the Government. *Order on Def.'s Obj. to Unsealing Certain Docket Entries* at 11 (ECF No. 80) (*Order*). The Court concluded that "the presumption of public access to judicial records outweighs [Mr. Rydle's] request to indefinitely seal judicial records material to his criminal case that refer to his cooperation" and ordered the Clerk of Court to unseal sixteen docket entries. *Id.* at 1, 11-12. The Court afforded Mr. Rydle fourteen days to file additional motions on the sealing issue before the docket entries were unsealed. *Id.* at 11.

On January 4, 2021, Mr. Rydle filed a notice of appeal and an unopposed motion to extend time to file a motion for a stay during the pendency of his appeal. *Notice of Appeal* (ECF No. 81); *Mot. to Extend Time* (ECF No. 82). The next day, the Court granted the motion to extend time. *Order Granting Mot. to Extend Time to File Mot. to Stay* (ECF No. 85). On January 8, 2021, Mr. Rydle filed a motion to stay the Court's December 21, 2020 order and a motion to seal that motion. *Mot. to Seal* (ECF No. 88); *Mot. to Stay Ct. Order Unsealing Various Docs. on the Docket Pending Appeal* (ECF No. 89) (*Def.'s Mot.*). The Government responded on January 22, 2021. *Gov't's Resp. to Def.'s Mot. to Stay the Ct. Order Unsealing Various Docs. on the Docket Pending Appeal* (ECF No. 95).

Mr. Rydle argues that the Court must consider four factors when ruling on his motion to stay: "(1) the likelihood of success on appeal; (2) whether the party seeking the stay will suffer irreparable harm if the stay is not granted; (3) whether the court's issuance of a stay will result in substantial harm to other interested parties; and (4)

where the public interest lies." *Def.'s Mot.* at 1 (quoting *United States v. Kenney*, CR-07-66-B-W, 2008 U.S. Dist. LEXIS 59730, at *4-5 (D. Me. Aug. 5, 2008)).

First, Mr. Rydle claims he is likely to succeed on appeal. *Id.* at 2. As he did in his initial objection to unsealing, he cites caselaw from the Ninth and Fourth Circuits for the proposition that protecting cooperators is a compelling government interest that justifies continued sealing. *See id.* at 2-3 (quoting *United States v. Doe*, 870 F.3d 991 (9th Cir. 2017); *United States v. Doe*, 962 F.3d 139 (4th Cir. 2020)). He further contends that First Circuit caselaw, namely *United States v. Kravetz*, 706 F.3d 47 (1st Cir. 2013) and its progeny, are not to the contrary because "*Kravetz* does not address personal safety." *Id.* at 3. He therefore concludes the First Circuit "will adopt the position of the Ninth and Fourth Circuit . . .." *Id.*

Second, Mr. Rydle argues he will suffer irreparable harm from disclosure "because once his cooperation is released to the public, control over its redisclosure is lost." *Id.* In support, he relies on *Doe*, 962 F.3d at 147, which discusses a report from the Judicial Conference of the United States about the potential risk of harm to cooperators. *Def.'s Mot.* at 3-5.

Third, he acknowledges "[t]here is some harm to the public by continued non-disclosure;" however, he cites a three-part test for when a court can seal a docket despite the public's qualified First Amendment right of access, and states that he meets it. *Id.* at 5 (citing *Doe,* 870 F.3d at 998). Mr. Rydle argues that protecting cooperators is a compelling government interest, because disclosing he is a cooperator

harms that interest should he return to prison and there is no alternative to sealing the documents that will adequately protect the Government's interest. *Id.*

Fourth and finally, Mr. Rydle avers that the public interest in protecting Mr. Rydle justified continued sealing. *Id.* at 6. He quotes *Doe*, 962 F.3d at 147-48, at length for the proposition that failing to protect cooperators undermines public safety and also impairs criminal investigations and prosecutions. *Id.* at 6-7.

On January 22, 2021, the Government responded to Mr. Rydle's motion for a stay. *Gov't Resp.* The Government described Mr. Rydle's request for a seal during his appeal as "reasonable" and "does not object to this Court staying the unsealing Order until the Court of Appeals can rule." *Id.* at 2. However, the Government stated that it "views the [Mr. Rydle's] likelihood of success on appeal as unlikely in the strongest sense of that term . . .." *Id.* But the Government further noted that "unsealing matters at this point could serve to expose to the public items that the First Circuit could, theoretically, later order to remain sealed." *Id.*

## II.   LEGAL STANDARD

When a defendant appeals a district court order, the district court retains jurisdiction to stay its order until the appellate court has ruled. *See Newton v. Consol. Gas Co.*, 258 U.S. 165, 177 (1922) ("Undoubtedly, after appeal the trial court may, if the purposes of Justice require, preserve the status quo until decision by the appellate court"). Consistent with *Hilton v. Braunskill*, 481 U.S. 770 (1987), courts typically apply a four-factor test to determine whether a stay pending appeal is proper. *Id.* at 776. First, a court considers "whether the stay applicant has made a strong

showing that he is likely to succeed on the merits." *Id.* This factor is the sine qua

non. *See Acevedo-García v. Vera Monroig*, 296 F.3d 13, 16 (1st Cir. 2002) (quoting

*Weaver v. Henderson*, 984 F.2d 11, 12 (1st Cir. 1993)). Next, the court weighs

"whether the applicant will be irreparably injured absent a stay." *Hilton*, 481 U.S.

at 776. Then, the court assesses "whether the issuance of the stay will substantially

injure the other parties interested in the proceeding." *Id.* Finally, the Court

determines "where the public interest lies." *Id.*

## III.   DISCUSSION

The Court concludes the traditional legal test does not merit a stay in this case.

Beginning with the first factor, the Court concludes that Mr. Rydle's appeal is

unlikely to succeed. The Court considered and rejected Mr. Rydle's arguments for

continued sealing in its prior order. *Order* at 5-11. It was not a close call. Mr. Rydle's

argument ran contrary to binding First Circuit precedent and to a highly persuasive

factually similar decision of another judge within this District. *Id.* at 4-6 (discussing

*Kravetz*, 706 F.3d at 52-65 and *United States v. Commoss*, No. 2:18-CR-08-DBH, 2018

U.S. Dist. LEXIS 231120, at *2-3 (D. Me. June 19, 2018)). Mr. Rydle's argument for

sealing continues to rely upon nonbinding caselaw from other circuits that applied a

different legal test to justify sealing while defendants were incarcerated, rather than

on supervised release. *See Order* at 8-11 (distinguishing the Fourth and Ninth

Circuit cases from Mr. Rydle's case because (1) unlike those defendants, Mr. Rydle is

not incarcerated and can point to no threat against him or his family and (2) as a

matter of constitutional avoidance, the First Circuit only uses the First Amendment

5

analysis as a last resort). Accordingly, the Court concludes Mr. Rydle's appeal is unlikely to succeed.

Turning to the likelihood of irreparable harm, the Court similarly finds that Mr. Rydle has not met his burden. As the Court discussed in its prior order, Mr. Rydle's identified harm is entirely speculative. *Order* at 7 ("Mr. Rydle himself, not the Court nor the Government, holds the keys to the jailcell"). His only identified harm is the risk of violence should he violate the terms of supervised release and return to prison. Mr. Rydle is arguing the uncomfortable legal position that he is likely to violate the terms of his supervised release and be returned to federal prison for the violations. As the Court explained in its December 21, 2020 order, the Court has more faith in Mr. Rydle than Mr. Rydle has in himself and does not expect him to violate the conditions of his supervised release and return to jail. *Id.* at 7-8. Thus, he has not met his burden to show irreparable harm.

As for the remaining factors, the Court identified no substantial harm to the Government from a temporary stay during the life of Mr. Rydle's appeal. The public interest is neutral. On the one hand, *Kravetz* recognizes the public has a presumptive right of access to judicial records arising under both the First Amendment and common law. On the other hand, a stay during appeal will maintain the status quo and only temporarily impair the public's right of access as the First Circuit considers whether the Court properly applied the presumption of public access in this case. On balance, the Court concludes that the relevant factors do not support Mr. Rydle's request for a stay pending appeal.

Nevertheless, the United States Supreme Court has long recognized that a federal court's authority to impose a stay is discretionary and incidental to its inherent power to manage its docket. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). In the unique context of an appeal of an order unsealing evidence of cooperation, lifting the seal during the appeal vitiates the very right Mr. Rydle seeks to vindicate on appeal. Once disclosed, Mr. Rydle's status as a cooperator will be publicly accessible. That is the point; permitting public access is the caselaw's chief justification for unsealing judicial records. *Kravetz*, 706 F.3d at 52. Even if the Court of Appeals ultimately orders continued sealing and the disclosure of cooperation on appeal were temporary, once released, such publicly disclosed information would not be easily clawed back.

## IV.   CONCLUSION

The Court GRANTS Danny Rydle's Motion to Stay the Court Order Unsealing Various Documents on the Docket Pending Appeal (ECF No. 89) and the Motion to Seal (ECF No. 88). The Court STAYS the Order on Defendant's Objection to Unsealing Certain Docket Entries (ECF No. 80).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 27th day of January, 2021